[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
ADDENDUM TO MEMORANDUM OF DECISION OF AUGUST 31, 1990
The defendants herein moved this court to open judgment and for reargument.
On reargument, the defendants contend that the trial court erred in concluding that the commission made no finding that a feasible and prudent alternative does not exist as mandated by General Statutes 21a-41(b).
The defendants, in support of said claim, refer to that portion of the record wherein at the commission hearing one of the commissioners asserted ". . . There really is no feasible or prudent alternative except to tie into City drainage . . . ."
A review of General Statutes 22a-41(b) reads as follows:
 In the case of an application which received a public hearing, a permit shall not be issued unless the commissioner finds that a feasible and prudent alternative does not exist. In making his findings the commissioner shall consider the facts and circumstances set forth in subsection (a). The finding and reasons therefor shall be stated on the record. (emphasis added).
The word "find(s)" means to arrive at, as a conclusion or to determine and declare. Words and Phrases Volume 17, West Publishing Co., 1990 Supplement, p. 1. "Findings" are a formal, deliberate statement of court's determination of facts, and unguarded or conversational comments, even with use of phrases such as "we find," are not intentional findings of fact. Id., p. 2. For purposes of rule that administrative agency must make "finding" of fact, "finding" implies that the tribunal has settled upon and fixed where truth lies, on given proposition, CT Page 3548 from among conflicting parts of evidence pertaining to that proposition; such "finding" establishes "fact" for purposes of adjudication and review. Id.
It is clear to this court that for one commissioner to comment that "a reasonable and prudent alternative does not exist . . ." does not rise to the level of a "finding." There is nothing in the record that supports said conclusion; there is no indication that the comment was a formal action taken by the commission, as a commission; there is no indication that the subject statement was concurred with by a requisite number of the commissioners.
The statute mandates a "finding." A comment by a commissioner parroting highly generalized language of the statute does not make a finding.
It is noteworthy that the subject statement of the commissioner makes no reference to an alternative to the proposed retention pond.
This memorandum is an extension of the memorandum of August 31, 1990, and consistent with said prior memorandum of the court.
The decision of August 31, 1990, is hereby reinstated. The appeal is sustained.
MIANO, J.